IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY DEWAYNE ALLEN, # 103328**  **PETITIONER**

**VS.**  **NO.1:11CV123-HSO-JMR**

**REGINA HANCOCK**  **RESPONDENT**

### REPORT & RECOMMENDATIONS

This matter comes before the Court on the Respondent's Motion [7] to Dismiss Pursuant to § 2244(d), filed July 5, 2011. Petitioner Gary Allen filed a Motion [9] for Extension of Time to file a response on July 13, 2011. This Court entered a Text Only Order on August 8, 2011 extending the reply deadline to August 30, 2011. To this date Petitioner has not submitted a reply. Petitioner has been in contact with the court however, filing a Change of Address [13] and a Motion [14] for DNA testing on October 14, 2011. Having considered Respondent's Motion [7] along with the entire record and applicable law, this court finds that Respondent's Motion [7] is well-taken and should be granted. Accordingly, Allen's Petition [1] in the above-captioned action should be dismissed.

### STATEMENT OF THE CASE

On April 21, 2004, the Petitioner, Gary Allen, was convicted of Sexual Battery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Ex. A attached Mot'n [7-1] 1-2. Thereafter, Petitioner filed an appeal with the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed his conviction per written opinion on October 3, 2006. *See Allen v. State*, 960 So. 2d 489 (Miss. Ct. App. 2007). On July 19, 2007, the Mississippi Supreme Court denied a subsequent writ for certiorari. *Allen v. State*, 959 So. 2d 1051 (Miss. 2007). Allen did not file a writ of certiorari with the United States Supreme Court. Mot'n [7] 3. Almost two years

later, on June 8, 2010, Petitioner filed a Motion for a Reconsideration for a Rehearing on his appeal. Ex. C attach Mot'n [7-3] 1. The Supreme Court denied the motion as not permitted pursuant to MISS. R. APP. P. 17(f).  the Motion by Order dated July 28, 2010.

The Petitioner filed a Request for Extension of Time to File Petitioner's Application for Leave to Proceed in Trial Court on Post-Conviction Relief on August 12, 2010. Ex. E attach Mot'n [7-5] 1. Shortly thereafter, on August 26, 2010, Petitioner filed his Application for Leave To Proceed in the Trial Court. *Id.* at 3. By Order filed October 26, 2010, the Supreme Court of Mississippi dismissed his Application and Extension as time barred pursuant to MISS. CODE ANN. § 99-39-5(2). Ex. F attach Mot'n [7-6] 1. Petitioner filed a Motion for Reconsideration on November 9, 2010, which was denied by the Mississippi Supreme Court by Order filed January 14, 2011. Ex. G attach Mot'n [7-7]; Ex. H attach Mot'n [7-8].

Allen signed the instant Petition for Writ of Habeas Corpus on March 22, 2011; it was received by the Clerk of Court and filed on March 28, 2011. Pet'n [1] 1, 15.

## **ANALYSIS**

The Respondents argue that Petitioner's habeas petition is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal habeas petition must be filed before the expiration of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). This period begins from the "date on which the [state court] judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1). Thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011). When a petitioner does not file a writ of certiorari with the United States Supreme Court, a

state prisoner's conviction is final for purposes of § 2244 ninety days after judgment is entered, the amount of time reserved to a prisoner to file a petition for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, under the terms of § 2244(d)(2), any state post-conviction petition "properly filed" during the one-year statutory period will toll the statute as long as it remains pending. § 2254(d)(2); *Mark*, 646 F.3d at 192.

Petitioner did not file a writ of certiorari with the United States Supreme Court. Accordingly, his conviction became final ninety days after his direct appeal in state court ended. Petitioner's conviction became final ninety days after the Supreme Court of Mississippi denied his petition for writ of certiorari on July 19, 2007. Ex. D attach Mot'n [7-4]. Petitioner did file a motion for reconsideration two years later, however that filing was improper under state law stating, "neither acceptance or rejection of a petition for a writ of *certiorari* shall be subject to further pleading by a party for rehearing or reconsideration." MISS. R. APP. P. 17(f). As a result, the Petitioner's conviction became final on October 17, 2007 for purposes of § 2244(d)(2). Unless Petitioner submitted his motion before the expiration of the one-year statutory period, October 17, 2008, he must rely on any properly filed state court motion for post-conviction relief filed before that date to toll the limitation period.

Petitioner's first post-conviction filing was his Request for Extension of Time to File Petitioner's Application for Leave to Proceed in Trial Court on Post-Conviction Relief. Ex. E attach Mot'n [7-5] 1. The request was filed August 12, 2010, clearly past the statutory period. *Id.* Accordingly, Petitioner's post-conviction filings do not serve to toll the October 17, 2008 deadline.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Petitioner could have filed his petition was on March 22, 2011,

the date he signed it. Pet'n [1] 13. Considering March 22, 2011 as the filing date, the petition was filed 886 days after the October 17, 2008 deadline.

Reading the petition liberally[1] and taking into consideration Petitioner's Motion [14] for DNA testing, it appears that he invokes § 2244's factual predicate exception that tolls the statute until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). The petitioner is not entitled to the benefit of § 2244(d)(1)(D) for two reasons. First, DNA testing does not underlie any of Petitioner's claims. In his Petition [1], his grounds of relief are as follows: (1) he was coerced into an unknowing confession; (2) ineffective assistance of counsel; (3) illegal search of his home; (4) the trial court erred in allowing video-taped evidence to be presented to the jury; and (5) juror misconduct. None of these claims find a factual predicate in any evidence that would be gained form DNA testing. Second, Petitioner bears the burden in establishing that he exercised due diligence in searching for a factual predicate for his habeas claim. *Johnson v. Dretke*, 442 F.3d 901, 908 (5th Cir. 2006). Accordingly, Petitioner must offer an explanation of why the factual predicate could not have been discovered earlier and steps, if any, that were taken to discover his claim. Here, the Court is faced with allegations that are conclusory and unsupported by any evidence. For these reasons, the Court finds that Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(1)(D).

## **CONCLUSION**

Petitioner's conviction was final on October 17, 2007. Thereafter, he had one year, or until October 17, 2008, to file a federal petition for writ of habeas corpus. As Petitioner's first post-conviction filing was made August 12, 2010, some 664 days after the one-year period, these filings

---

[1] Courts must employ a liberal reading of a *pro se* federal habeas corpus petition. *See Haines v. Kerner*, 404 U.S. 519 (1972).

do not serve to toll AEDPA's one-year limitation. Additionally, the Court finds that the Petitioner is not entitled to statutory tolling via § 2244(d)(1)(D). Allen's habeas petition was filed no earlier than March 22, 2011, 886 days past the October 17, 2008 deadline. Accordingly, this Court recommends that Allen's Petition for Writ of Habeas Corpus [1] should be dismissed as time barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   9th   day of November, 2011.


                                            s/ John M. Roper, Sr.

                              CHIEF UNITED STATES MAGISTRATE JUDGE