IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY ALLEN, #103328**                                                                                            **PETITIONER**

**VERSUS**                                             **CIVIL ACTION NO. 1:11cv123HSO-JMR**

**REGINA HANCOCK**                                                                                            **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Gary Allen's Objection [18] to the Report and Recommendation of Chief Magistrate Judge John M. Roper [16], entered in this cause on November 9, 2011. The Magistrate Judge recommended that Respondent's Motion to Dismiss [7] be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed based upon the one year limitation period set forth at 28 U.S.C. § 2244(d). The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions advanced in the Motion and Objection, and concludes that Allen's Petition was untimely filed under 28 U.S.C. § 2254(d). Allen's Objection should be overruled and Respondent's Motion should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On April 21, 2004, Allen was convicted of sexual battery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Ex. "A," attached to Resp.'s Mot. to Dismiss. Allen appealed. The Mississippi Court of Appeals affirmed his conviction on October 3, 2006. *Allen v. State*, 960 So. 2d 489 (Miss. Ct. App. 2007). Rehearing was denied on April 10, 2007, *see id.*, and the Mississippi Supreme Court denied a request for writ of certiorari on July 19, 2007,

*Allen v. State*, 959 So. 2d 1051 (Miss. 2007).  On June 8, 2010, Allen filed a letter with the Mississippi Supreme Court seeking reconsideration or rehearing of his appeal. Ex. "C," attached to Resp.'s Mot. to Dismiss.  By Order dated July 28, 2010, the Mississippi Supreme Court denied reconsideration as procedurally improper pursuant to MISS. R. APP. P. 17(f).  Ex. "D," attached to Resp.'s Mot. to Dismiss.  There is no evidence in the record that Allen filed a petition for writ of certiorari to the United States Supreme Court, nor does Allen contend that he filed such a writ.

    Allen next filed a "Request for Extension of Time to File Petitioner's Application for Leave to Proceed in Trial Court on Post-Conviction Relief" on August 12, 2010, Ex. "E," attached to Resp.'s Mot. to Dismiss, and an "Application for Leave to Proceed in the Trial Court" and "Motion for Post-Conviction Relief" on August 26, 2010, *id*.  By Order dated October 26, 2010, the Mississippi Supreme Court denied Allen's Motions as untimely, and alternatively, for lack of merit.  Ex. "F," attached to Resp.'s Mot. to Dismiss.  On November 9, 2010, Allen filed a Motion for Reconsideration, Ex. "G," attached to Resp.'s Mot. to Dismiss, which was denied by the Mississippi Supreme Court by Order filed January 14, 2011.

    Allen signed his Petition for habeas relief in this Court on March 22, 2011. Petition [1].  It was filed on March 28, 2011.  *Id.*  On July 5, 2011, Respondent filed a Motion to Dismiss [7], arguing that Allen's Petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).  On October 14, 2011, Allen filed a Motion for DNA Testing [14], in which he proclaimed his innocence and argued that DNA testing would show that another man was guilty of the crime for which he was convicted.  On

November 9, 2011, the Magistrate issued his Report and Recommendation [16], recommending that Respondent's Motion to Dismiss [7] be granted, and that Allen's Petition for Writ of Habeas Corpus [1] be dismissed based upon the one year limitation period set forth at 28 U.S.C. § 2244(d).

In his Objection [18], Allen maintains that he was unable to prepare his habeas case until August 20, 2009, when he received a copy of his transcripts from the Mississippi Supreme Court. Obj. at p. 1. He argues that his attorney denied him transcripts and other documents, and that he was illiterate at all relevant times. *Id*.

## II. LEGAL STANDARD

Because an Objection has been filed to the Magistrate's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (a party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). Where, however, a party fails to file specific objections to a magistrate judge's rulings, the district court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5 th Cir. 1989).

This habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq. See Green v. Johnson,* 116 F.3d 1115, 1119-20 (5th Cir. 1997).  28 U.S.C. § 2244(d)(1) imposes a limitation period for filing habeas petitions, and provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A).  However, the one-year period of limitation is subject to tolling for the period when a properly filed application for post-conviction relief or collateral review is pending.  28 U.S.C. § 2244(d)(2).  In "rare and exceptional circumstances," the one-year limitation period may be equitably tolled.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

### III.  ANALYSIS

In his Report and Recommendation, the Magistrate, construing the Petition

liberally and taking into account Allen's Motion for DNA Testing [14], considered whether the timeliness of Allen's Petition should be calculated pursuant to either § 2244(d)(1)(A) or § 2244(d)(1)(D). The Magistrate found § 2244(d)(1)(D) inapplicable on grounds that the factual predicate at issue, DNA testing, was not the underlying basis of Allen's claims in his Petition. Further, Allen had failed to offer any explanation or evidence establishing that he exercised due diligence in discovering the factual predicate for this claim. The Magistrate Judge therefore applied the limitation period set forth in § 2244(d)(1)(A). Allen does not object to this finding, and the Court is not of the opinion that the Magistrate clearly erred in his determination.

Pursuant to § 2244(d)(1)(A), the Magistrate further concluded that Allen's habeas Petition had to be filed by October 17, 2008. Allen's Petition for habeas review was "filed," at the earliest, on March 22, 2011, the date he signed his Petition. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) ("Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court."). "When a habeas petitioner has pursued relief on direct appeal through the state's highest Court, his conviction becomes final ninety days after the highest court's judgement is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003)). The Mississippi Supreme Court denied Allen's request for a writ of certiorari on July 19, 2007. *Allen v. State*, 959 So. 2d 1051 (Miss. 2007). Because Allen did not seek certiorari to the United States

Supreme Court, and because his June 8, 2010, Motion for Rehearing to the Mississippi Supreme Court was improperly filed, his conviction became final ninety days after July 19, 2007, or on October 17, 2007. Under the AEDPA, Allen's Petition had to be filed no later than October 17, 2008, one year from the date his conviction became final.

The record reflects, and Allen does not contest, that his earliest post-conviction filing was a "Request for Extension of Time to File Petitioner's Application for Leave to Proceed in Trial Court on Post-Conviction Relief," filed in the Mississippi Supreme Court on August 12, 2010. Ex. "E," attached to Resp.'s Mot. to Dismiss. This date is well past the October 17, 2008, deadline for filing a habeas petition. Therefore, the Magistrate Judge properly determined that Allen's claims are not subject to statutory tolling.

The Court may apply equitable tolling in "rare and exceptional circumstances." *Davis*, 158 F.3d at 811. "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F. 3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida*, - - - U.S.- - -, 130 S. Ct. 2549, 2562 (2010)) (internal quotations omitted). "The applicant bears the burden of establishing that equitable tolling is warranted." *Hudson v. Quarterman*, 332 Fed. App'x 209, 210 (5th Cir. 2009) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).

As a threshold matter, while Allen maintains that he was prevented from

timely filing his Petition because his attorney failed to provide him with copies of transcripts or other documents, he has not alleged or shown that he made any such request, much less a timely one, for transcripts from his counsel. *See Holland*, 130 S. Ct. at 2564 (the diligence required for equitable tolling is reasonable diligence). Nor has Allen shown that his attorney's failure, if any, to produce the transcripts or other documents constituted more than excusable neglect or garden variety negligence. *See id.* (holding that equitable tolling may be available in "extraordinary" instances in which the attorney's conduct constituted far more than "garden variety" or "excusable neglect"). Further, Allen has not shown why he needed his trial transcripts to file a timely habeas petition, and the Court, upon review of the Petition, is not of the opinion that trial transcripts were essential to any of Petitioner's claims.

While Allen has produced an Order dated February 1, 2005, from the Circuit Court of George County, Mississippi, denying him free copies of transcripts and other documents to assist him in filing a motion for post-conviction relief, the Order is not probative of any negligence on behalf of his attorney. *See* Order, attached to Obj. Moreover, because indigent habeas petitioners are not entitled to free copies of their trial transcripts and records, equitable tolling is not warranted. *Cole v. Director*, TDCJ-CID, No. 6:09cv128, 2009 WL 1468470, at * 2 (E.D. Tex. May 26, 2009) (citing *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975)); *see also Johnson v. Johnson*, 194 F.3d 1309, at *1 (5th Cir. 1999).[1] Other evidence attached to Allen's Objection

---

[1] The Court is not of the opinion that the George County Circuit Court's denial of free transcripts is a state-created impediment for purposes of the

reflects that Allen did not attempt to obtain transcripts again until August 2009, ten months after the expiration of his AEDPA filing deadline. *See* Aug. 20, 2009 Letter and Aug. 28, 2009, Letter, attached to Obj. The Court is not persuaded that equitable tolling is warranted under these circumstances. Even if the limitation period were tolled until August 20, 2009, when Allen claims he received a copy of his transcripts, Allen does not explain why he waited until March 22, 2011, to file his Petition.

To the extent Allen argues that he was somehow prevented from timely filing his Petition on the basis of illiteracy, a petitioner's *pro se* status, illiteracy, deafness, or lack of legal training, among other reasons, do not excuse the untimely filing of a habeas petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Accordingly, the Court finds no grounds to overturn the Report and Recommendation, and it further finds that the Report and Recommendation of Chief Magistrate Judge John M. Roper should be adopted as the finding of this Court. The Report and Recommendation correctly determined that Respondent's Motion to Dismiss should be granted.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Gary Allen's Objection [18] to the Report and Recommendation is **OVERRULED**.

---

limitations period under § 2244(d)(1)(B). "[P]roblems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to 'state-created impediments,' setting off the commencement date of the limitations period." *Plummer v. Miss. Dept. of Corrections*, 2011 WL 6965656 (S.D. Miss. Dec. 16, 2011) (citations omitted).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation of Chief Magistrate Judge John M. Roper [16], entered in this cause on November 9, 2011, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [7] is **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, having considered all remaining pending Motions filed by Petitioner, they should be and are **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 6th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE