**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GARY DEWAYNE ALLEN, #103328**                                                                        **PETITIONER**

**VERSUS**                                                                                                   **NO. 1:11cv123-HSO-JMR**

**REGINA HANCOCK**                                                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Motion to File Post Conviction Relief [47] filed by Gary Dewayne Allen [Allen]. Allen indicates that he filed a petition [1] for Writ of *Habeas Corpus* on March 28, 2011. The petition was dismissed on March 6, 2012, under 28 U.S.C. § 2244, and final judgment was entered in the case the same day. [36, 37.] Allen filed an appeal of that decision on March 15, 2012. [39.] The Fifth Circuit Court of Appeals denied Allen a Certificate of Appealability [COA] and terminated the appeal on August 10, 2012. [46.] Allen filed his motion to file post conviction relief on March 19, 2013. [47.]

Allen seeks this court's permission to file post-conviction relief in state court, which the respondent asserts is unnecessary. [48, p. 3.] According to the Respondents, the motion should be denied because the Court lacks jurisdiction over the case because Allen filed an appeal of the Court's final judgment. [48, p. 2.] In the alternative, the Respondents assert that the motion should be denied because Allen does not need permission from the district court to file a motion in state court. [48, p. 3.]

Regardless of how the motion is styled, Allen appears to ultimately seek the Court's permission to entertain a second § 2254 petition. Rule 9 of 28 U.S.C. § 2254 provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by

28 U.S.C. § 2244(b)(3) and (4)." Furthermore, 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Allen has failed to obtain authorization from the court of appeals prior to filing this motion, therefore, this Court is without jurisdiction to consider the Petitioner's motion. The Court, therefore, recommends that the motion be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than June 4, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 21st day of May, 2013.

                                                 s/ John M. Roper, Sr.
                                     CHIEF UNITED STATES MAGISTRATE JUDGE